CV 11 - 0849

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jamie Grotto-Casalino, | : |
| Plaintiff, | Civil Action No.: _____ |
| v. | : |
| Nelson, Hirsch & Associates, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 18 2011 ★

BROOKLYN OFFICE

**SUMMONS ISSUED**

For this Complaint, the Plaintiff, Jamie Grotto-Casalino, by undersigned counsel, states as follows:

BLOCK, J.

GOLD, M.J.

## JURISDICTION

1.  This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Jamie Grotto-Casalino ("Plaintiff"), is an adult individual residing in Belle Harbor, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Nelson, Hirsch & Associates, Inc. ("Nelson"), is a Georgia business

1

entity with an address of 1510 Hwy 74, Suite 219, Tyrone, Georgia 30290, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

      6.      Does 1-10 (the "Collectors") are individual collectors employed by Nelson and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

      7.      Nelson at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

      8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the

"Creditor").

      9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

      10.     The Debt was purchased, assigned or transferred to Nelson for collection, or

Nelson was employed by the Creditor to collect the Debt.

### B. Engages in Harassment and Abusive Tactics

      11.     In their attempts to collect the Debt the Defendants made numerous threatening

statements to the Plaintiff that were each "communications" as defined in 15 U.S.C. § 1692a(2).

      12.     On January 5, 2011, the Defendants left the Plaintiff a threatening message which

stated they were holding off on calling "other people" and getting them "involved in [plaintiff's]

business" and holding off on opening an employment verification and asset report.

      13.     Later that day the Defendants left another message stating that the Plaintiff's

2

account was in "illegal status" and that they would put a lien on Plaintiff's personal property including items "other than houses or cars."

14.     On January 6, 2011, in response to a message requesting a call, Plaintiff called the Defendants' office and informed them that she had retained attorney and requested that they cease calling her.

15.     The Plaintiff was then transferred to a different Nelson employee who told her not to call their office and tell them what to do and then disconnected the call.

16.     Later that day the same employee called the Plaintiff and told her that they would always be able to find her and again disconnected the call.

17.     The Plaintiff received two more calls from Nelson on January 6, 2011, which were either disconnected when she answered or had no one on the line.

18.     During these and other telephone calls, Defendants failed to identify themselves as debt collectors and disclose that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

19.     Defendants failed to send Plaintiff notification of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C.  Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants
contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged
in conduct the natural consequence of which was to harass, oppress and abuse the plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) by placing telephone
calls without meaningful disclosure of their identity.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused
a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to
annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants
threatened the Plaintiff with seizure of his property if the Debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants
threatened to take legal action, without actually intending to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants
employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed
to inform the consumer that the communication was an attempt to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants
failed to send the Plaintiff a validation notice stating the amount of the Debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants

4

failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

40.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

41.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

42.    By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 7, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jamie Grotto-Casalino, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Nelson, Hirsch & Associates, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Jamie Grotto-Casalino, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Jamie Grotto-Casalino ("Plaintiff"), is an adult individual residing in Belle Harbor, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Nelson, Hirsch & Associates, Inc. ("Nelson"), is a Georgia business

1

entity with an address of 1510 Hwy 74, Suite 219, Tyrone, Georgia 30290, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.   Does 1-10 (the "Collectors") are individual collectors employed by Nelson and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.   Nelson at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.   The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.   The Debt was purchased, assigned or transferred to Nelson for collection, or Nelson was employed by the Creditor to collect the Debt.

### B. Engages in Harassment and Abusive Tactics

11.   In their attempts to collect the Debt the Defendants made numerous threatening statements to the Plaintiff that were each "communications" as defined in 15 U.S.C. § 1692a(2).

12.   On January 5, 2011, the Defendants left the Plaintiff a threatening message which stated they were holding off on calling "other people" and getting them "involved in [plaintiff's] business" and holding off on opening an employment verification and asset report.

13.   Later that day the Defendants left another message stating that the Plaintiff's

2

account was in "illegal status" and that they would put a lien on Plaintiff's personal property including items "other than houses or cars."

14.     On January 6, 2011, in response to a message requesting a call, Plaintiff called the Defendants' office and informed them that she had retained attorney and requested that they cease calling her.

15.     The Plaintiff was then transferred to a different Nelson employee who told her not to call their office and tell them what to do and then disconnected the call.

16.     Later that day the same employee called the Plaintiff and told her that they would always be able to find her and again disconnected the call.

17.     The Plaintiff received two more calls from Nelson on January 6, 2011, which were either disconnected when she answered or had no one on the line.

18.     During these and other telephone calls, Defendants failed to identify themselves as debt collectors and disclose that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

19.     Defendants failed to send Plaintiff notification of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C. **Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress and abuse the plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of their identity.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the Debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants

4

failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

33.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.    The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

38.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

40.    The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

5

41.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

42.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 7, 2011

Respectfully submitted,

By

Sergei Lemberg (SL 6331)
· LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

7